Paul E. Summit
Andrew T. Solomon
SULLIVAN & WORCESTER LLP
1633 Broadway
New York, NY 10019
(212) 660-3000

*Attorneys for Plaintiff/Judgment Creditor*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,                    :        Civil Action No: 13-cv-1450

                                          :

                      Plaintiff/Judgment Creditor, :

                                          :

                      -against-              :

                                          :

GRENADA,                                   :

                                          :

                      Defendant/Judgment Debtor. :
-------------------------------------------------------------X

**DECLARATION OF Chin-Huo Tsai IN SUPPORT OF MOTION BY THE EXPORT-IMPORT BANK OF THE REPUBLIC OF CHINA FOR AN ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE, WITH A <u>TEMPORARY RESTRAINING ORDER</u>**

Chin-Huo Tsai, declares under penalty of perjury:

     1.     I am the SVP & General Manager at the Export-Import Bank of the Republic of China ("<u>Ex-Im Bank</u>"), the plaintiff in this action.

     2.     I have been an employee of Ex-Im Bank for 33 years. I have been working in connection with the loans to Grenada at issue in this matter for 5 years.

3.    I make this declaration, pursuant to Fed. R. Civ. P. Rule 65(d), in support of Ex-Im Bank's *ex parte* application for an order to show cause why a preliminary injunction should not issue, with a temporary restraining order.

4.    Ex-Im Bank and Grenada entered into four loan agreements containing *pari passu* clauses in which Grenada guaranteed that Ex-Im Bank would always enjoy a payment status at least equal to that of other external creditors even in the event of Grenada's default on the loans (the "Loan Agreements"). Ex-Im Bank and Grenada also entered into four corresponding promissory notes. True and correct copies of those Loan Agreements are attached to the declaration of Paul E. Summit, filed herewith (the "Summit Declaration"), as Exhibits B-E.

5.    On March 16, 2007, this Court entered an amended judgment in favor of Ex-Im Bank and against Grenada in the amount of $21,586,057.38, plus pre-judgment interest, attorney's fees and statutory interest in connection with Grenada's default on the Loan Agreements and the corresponding promissory notes. A true and correct copy of that amended judgment is attached to the Summit Declaration as Exhibit A.

6.    Grenada has not paid anything to Ex-Im Bank in satisfaction of the judgment.

7.    Ex-Im Bank faces a substantial risk of immediate and irreparable injury if the restraining order is not issued pending a hearing on Ex-Im Bank's motion for a preliminary injunction. If Grenada is not barred from taking evasive measures in an attempt to avoid any equitable relief, then Ex-Im Bank may be unable to obtain any meaningful remedy. If Grenada is permitted to continue breaching the *pari passu* clauses, Ex-Im Bank can never be compensated for the loss of its contractually guaranteed payment status during that time.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on the 20th day of February, 2013 at 7F., No.3, Nanhai Road, Taipei, Taiwan (R.O.C.)

_____
Chin-Huo Tsai
SVP & General Manager
Loan & Guarantee Dept.

3