UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE EXPORT-IMPORT BANK OF
THE REPUBLIC OF CHINA,

       Plaintiff/Judgment Creditor,

  -against-

GRENADA,

       Defendant/Judgment Debtor.

13-Civ-1450 (HB)

---

## ANSWER

Defendant Grenada, by and through its undersigned counsel, as and for its answer to the Complaint, dated March 4, 2013 (the "Complaint"), respectfully states as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

2. Paragraph 2 of the Complaint constitutes conclusions of law as to which no responsive pleading is required. To the extent Paragraph 2 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, Grenada denies any characterization inconsistent with the contents of the referenced documents and refers to the documents referenced in Paragraph 2 of the Complaint for their true and correct contents. Grenada also denies that venue properly exists in this district pursuant to 28 U.S.C. § 1391(f) based upon the residence and status of the parties or the events and omissions giving rise to the claims.

3.      Paragraph 3 of the Complaint constitutes conclusions of law as to which no responsive pleading is required.  To the extent Paragraph 3 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, Grenada denies any characterization inconsistent with the contents of the referenced documents and refers to the documents referenced in Paragraph 3 of the Complaint for their true and correct contents.

## THE PARTIES

4.      Grenada lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, except admits upon information and belief that Ex-Im Bank is a banking institution with its principal place of business in the Republic of China.

5.      Paragraph 5 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  Grenada otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

## BACKGROUND

6.      Grenada admits the allegations of Paragraph 6 of the Complaint.

7.      Grenada denies the allegations of Paragraph 7 of the Complaint, except admits that on or about March 16, 2007, in an earlier action between the parties, Civil Action No. 06-CV-2469(HB)(AJP), this Court entered an amended judgment in favor of Ex-Im Bank and against Grenada on the Loan Agreements in the amount of $21,586,057.38, plus pre-judgment interest, attorneys' fees and statutory interest.  To the extent Paragraph 7 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Grenada denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 7 of the Complaint for its true and correct contents.

8. To the extent that Paragraph 8 of the Complaint constitutes a conclusion of law, no responsive pleading is required. Grenada otherwise denies the allegations of Paragraph 8 of the Complaint.

9. Grenada denies the allegations of Paragraph 9 of the Complaint, except admits that Grenada has made multiple proposals to resolve Ex-Im Bank's claims, which Ex-Im Bank has rejected and that Grenada has not made a payment to Ex-Im Bank in satisfaction of the judgment.

10. Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Grenada denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 10 of the Complaint for its true and correct contents.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Grenada denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 11 of the Complaint for its true and correct contents.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document or documents, which document or documents speak for themselves. Grenada denies any characterizations inconsistent with contents of the referenced document or documents and refers to the document or documents referenced in Paragraph 12 of the Complaint for their true and correct contents.

13. Paragraph 13 of the Complaint purports to characterize the contents of a written document or documents, which document or documents speak for themselves. Grenada denies any characterizations inconsistent with contents of the referenced document or documents and

refers to the document or documents referenced in Paragraph 13 of the Complaint for their true and correct contents.

14. Paragraph 14 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Grenada denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 14 of the Complaint for their true and correct contents.

15. Paragraph 15 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Grenada denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 15 of the Complaint for their true and correct contents.

16. Paragraph 16 of the Complaint constitutes a legal conclusion as to which no responsive pleading is required.  To the extent any pleading is required, Grenada denies the allegations of Paragraph 16 of the Complaint.

17. Grenada denies the allegations of Paragraph 17 of the Complaint, except admits that it made an offer to creditors holding commercial debt claims.

18. To the extent that Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Grenada denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 18 of the Complaint for its true and correct contents.

19. Grenada denies the allegations of Paragraph 19 of the Complaint.  To the extent that Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Grenada denies any characterizations inconsistent with

contents of the referenced document and refers to the document referenced in Paragraph 19 of the Complaint for its true and correct contents.

20. Grenada denies the allegations of Paragraph 20 of the Complaint, except admits that Ex-Im Bank did not agree to restructure its debt.

21. Grenada admits the allegations of Paragraph 21 of the Complaint.

22. Grenada denies the allegations of Paragraph 22 of the Complaint, except admits that it has made payments to sovereign or official creditors on Grenada's external debt in the approximate amounts alleged in Paragraph 22 of the Complaint.

23. Grenada denies the allegations of Paragraph 23 of the Complaint, except admits that on or about October 15, 2012, Grenada made a payment for the benefit of the holders of its outstanding bonds.

24. Grenada denies the allegations of Paragraph 24 of the Complaint, except admits that at least as of September 12, 2012, a Bank of New York Mellon entity has acted as paying agent.

25. To the extent that Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Grenada denies any characterizations inconsistent with contents of the referenced document and refers to the document referenced in Paragraph 25 of the Complaint for its true and correct contents.

26. Grenada denies the allegations of Paragraph 26 of the Complaint.

27. Grenada denies the allegations of Paragraph 27 of the Complaint.

**CLAIM FOR SPECIFIC ENFORCEMENT OF THE PARI PASSU CLAUSES AND THE NEGATIVE COVENANT FOR INJUNCTIVE RELIEF**

28. Grenada repeats and re-alleges its responses to Paragraphs 1 through 25 of the Complaint.

29. To the extent that Paragraph 29 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, Grenada denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 29 of the Complaint for their true and correct contents. Grenada otherwise denies the allegations of Paragraph 29 of the Complaint.

30. Grenada denies the allegations of Paragraph 30 of the Complaint.

31. To the extent that Paragraph 31 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, Grenada denies any characterizations inconsistent with contents of the referenced documents and refers to the documents referenced in Paragraph 31 of the Complaint for their true and correct contents. Grenada otherwise denies the allegations of Paragraph 31 of the Complaint.

32. Grenada denies the allegations of Paragraph 32 of the Complaint.

33. Grenada denies the allegations of Paragraph 33 of the Complaint.

34. Grenada denies the allegations of Paragraph 34 of the Complaint.

35. Grenada denies the allegations of Paragraph 35 of the Complaint.

36. Grenada denies the allegations of Paragraph 36 of the Complaint.

37. Grenada denies the allegations of Paragraph 37 of the Complaint.

38. Grenada denies the allegations of Paragraph 38 of the Complaint.

39. Grenada denies the allegations of Paragraph 39 of the Complaint.

## **Prayer for Relief**

40. To the extent that a responsive pleading is required to the Prayer for Relief beginning on page 7 of the Complaint, Grenada denies that Ex-Im Bank is entitled to the requested relief.

**Additional Defenses**

41.     As additional defenses, Grenada alleges, asserts and avers the following.  By virtue of alleging these further defenses, Grenada does not assume any burden of proof, persuasion, or production not otherwise legally assigned to it or that such matters are not elements of Ex-Im Bank's prima facie case.  Grenada reserves all rights to assert other defenses as appropriate.

**First Additional Defense**

42.     The Complaint fails to state a claim upon which relief may be granted.

**Second Additional Defense**

43.     Ex-Im Bank's action is barred by the doctrine of res judicata.

**Third Additional Defense**

44.     Ex-Im Bank's claim is barred by the doctrine of merger.

**Fourth Additional Defense**

45.     Ex-Im Bank's claims are barred by the act of state doctrine.

**Fifth Additional Defense**

46.     To the extent Ex-Im Bank is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

**Sixth Additional Defense**

47.     Ex-Im Bank's claims are barred by the doctrine of unclean hands.

**Seventh Additional Defense**

48.     Ex-Im Bank's claims are barred by the doctrine of abuse of rights.

### Eighth Additional Defense

49. Ex-Im Bank's claims are barred in whole or in part by the applicable statute of limitations/prescription period.

### Ninth Additional Defense

50. Ex-Im Bank's claim is barred under the doctrine of laches.

### Tenth Additional Defense

51. Ex-Im Bank's Complaint presents no justiciable case or controversy.

### Eleventh Additional Defense

52. Ex-Im Bank's claim is barred under the doctrine of estoppel.

### Twelfth Additional Defense

53. Ex-Im Bank fails to plead that it faces a substantial threat of irreparable injury.

### Thirteenth Additional Defense

54. Ex-Bank fails to plead that the balance of harms weighs in favor of granting the requested relief.

### Additional Defenses Reserved

55. Grenada hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserves the right to further amend its answer and to assert any additional defenses, counterclaims, and third party claims as they become known or available through discovery or otherwise.

WHEREFORE, Grenada prays for relief and judgment:

(a) denying Ex-Im Bank the relief sought in the Complaint;

(b) dismissing the Complaint with prejudice;

(c) ordering that Ex-Im Bank take nothing and that judgment be entered against Ex-Im Bank;

(d) awarding Grenada costs and expenses, including counsel fees; and

(e) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 17, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:   /s/ Boaz S. Morag
     Boaz S. Morag (bmorag@cgsh.com)

*Of Counsel:*
Kristin A. Bresnahan

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Grenada

9