

# SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1633 Broadway
New York, NY 10019

T 212 660 3000
F 212 660 3001
www.sandw.com

March 7, 2013

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/23/13

**By Hand**

The Honorable Harold Baer, Jr.
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10007-1312

Re:  The Export-Import Bank of the Republic of China v. Grenada,
     13-CV-1450

Dear Judge Baer:

We represent The Export-Import Bank of the Republic of China ("Ex-Im Bank") in the above-referenced action (hereafter, "Action Two").

In filing Action Two on March 4, 2013, we suggested that it was "related to" our earlier action against Grenada, Civil Action No. 06-CV-2469(HB)(AJP) (hereafter, "Action One"). At the brief hearing in Chambers on March 5, 2013 on Ex-Im Bank's motion for a temporary restraining order and preliminary injunction in Action Two, your Honor asked for a brief statement of our position on the relatedness issue.

In Action One, Ex-Im Bank sued Grenada for a monetary judgment on four promissory notes (signed contemporaneously with four loan agreements, hereafter the "Loan Agreements") by which Ex-Im Bank loaned Grenada $28,000,000 between 1990 and 2000. On March 16, 2007, this Court entered a judgment in Action One in favor of Ex-Im Bank for $21,586,057.38 in connection with Grenada's default on the notes. The judgment, now in excess of $32,000,000, remains wholly unpaid.

The Loan Agreements contain *pari passu* clauses in which Grenada promised to rank its debt to Ex-Im Bank at least equally to Grenada's other external debt. The Loan Agreements also contain negative covenants precluding Grenada, until Ex-Im Bank is paid in full, from permitting any other of Grenada's obligations from being subject to any preferential arrangement in favor of any creditor as to the repayment of principal and interest.

While Ex-Im Bank sought a monetary judgment for Grenada's default on the promissory notes in Action One (and continues to seek to collect), Ex-Im Bank now seeks an order specifically enforcing the Loan Agreements' *pari passu* clauses and negative covenants in Action Two.

The Honorable Harold Baer, Jr.
Page 2
March 7, 2013

Under Rule 13(c)(i) of the Rules for the Division of Business Among District Judges ("RDB"), we suggested relatedness on the Civil Action Cover Sheet. Under RDB 13(a), a case will be deemed related to another case when the interests of justice and efficiency will be served. In determining relatedness, the rule instructs judges to consider whether (i) a substantial saving of judicial resources would result; or (ii) the just efficient and economical conduct of the litigations would be advanced; or (iii) the convenience of the parties or witnesses would be served. RDB 13(a) also states that a congruence of parties or witnesses may be deemed relevant.

The parties and the facts underlying both actions are the same, and Action One already has a lengthy history. Thus there are obvious efficiencies. However, RDB 13(c)(ii) states (naturally) that your Honor has the "sole discretion to accept or reject the case."

We stand ready, of course, to provide any further information the Court may need.

Respectfully submitted,

Paul E. Summit

Direct line: 617-338-2488
psummit@sandw.com

cc: Brian E. Maas, Esq. (via email)

*[Handwritten notations by the Court:]*
(1) Time table for motion in limine
(2) I have noted the relatedness
(3) PTC is May 23 at 3:30 PM
Just trial date is bumped from May 21, '13 now May [23?]

SO ORDERED:
Harold Baer, Jr., U.S.D.J.
Date: 4/23/13

Endorsement:

1. Timetable for motion is fine but fully briefed date is now May 21, 2013.

2. I have noted my accord re relatedness

3. Pre trial conference is May 23 at 3:30 P.M.