UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
                             :

THE EXPORT-IMPORT BANK OF THE   :
REPUBLIC OF CHINA,                 :      13 Civ. 1450 (HB)
                             :

        Plaintiff/Judgment Creditor,   :
                             :

               v.               :
                             :

GRENADA,                       :
                             :

        Defendant/Judgment Debtor.   :
                             :
-------------------------------------------------------- x

## REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

**BINGHAM McCUTCHEN LLP**
Timothy B. DeSieno
(tim.desieno@bingham.com)
Katherine Dobson*
(katherine.dobson@bingham.com)
399 Park Avenue
New York, NY 10022
Tel.: (212) 705-7000
Fax: (212) 752-5378

Sabin Willett*
Julia Frost-Davies*
Samuel R. Rowley*
One Federal Street
Boston, MA  02110-1726
Tel.: (617) 951-8000

*Attorneys for Intervenor-Defendants*

May 28, 2013

* Motion for admission *pro hac vice* pending.

A/75574855.2

## <u>TABLE OF CONTENTS</u>

ARGUMENT ..................................................................................................................... 1

I.     Intervention Under Rule 24 Lies For Actions, Not Issues................................................ 1

II.    Even If Considered On An "Issue" Basis, Intervenors Should Be Heard On
       Grenada's Rule 12(c) Motion ......................................................................................... 4

III.   Permissive Intervention Is Appropriate On The Rule 12(c) Motion ................................. 9

CONCLUSION................................................................................................................. 10

A/75574855.2

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brennan v. N.Y.C. Bd. of Educ.,*
   260 F.3d 123 (2d Cir. 2001)...................................................................................2, 6

*Bridgeport Guardians v. Delmonte,*
   227 F.R.D. 32 (D. Conn. 2005)..............................................................................3, 4, 6

*Butler, Fitzgerald & Potter v. Sequa Corp.,*
   250 F.3d 171 (2d Cir. 2001)........................................................................................7

*D'Amato v. Deutsche Bank,*
   236 F.3d 78 (2d Cir. 2001)..........................................................................................2

*Forest Conserv. Council v. United States Forest Serv.,*
   66 F.3d 1489 (9th Cir. 1995) ......................................................................................6

*Herdman v. Town of Angelica,*
   163 F.R.D. 180 (W.D.N.Y. 1995)...............................................................................5

*Herendeen v. Champion Int'l Corp.,*
   525 F.2d 130 (2d Cir. 1975)........................................................................................9

*In re Teltronics Services, Inc.,*
   762 F.2d 185 (2d Cir. 1985)........................................................................................9

*Ionian Shipping Co. v. British Law Ins. Co.,*
   426 F.2d 186 (2d Cir. 1970)...................................................................................3, 4, 7

*LaRouche v. Fed. Bureau of Investigation,*
   677 F.2d 256 (2d Cir. 1982)........................................................................................7

*Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC,*
   485 F.3d 1006 (8th Cir. 2007) ....................................................................................5

*Montana v. United States,*
   440 U.S. 147 (1979)....................................................................................................9

*N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N.Y.,*
   516 F.2d 350 (2d Cir. 1975).................................................................................2, 7, 8

*Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Comm'n,*
   578 F.2d 1341 (1978)..................................................................................................7

A/75574855.2

*NLRB. v. United Technologies Corp.*,
   706 F.2d 1254 (2d Cir. 1983) .................................................................9

*Nuesse v. Camp*,
   385 F.2d 694 (D.C. 1967) .......................................................................7

*Perry v. Dickerson*,
   85 N.Y. 345 .............................................................................................9

*Piccard v. Sperry Corp.*,
   36 F. Supp. 1006 (S.D.N.Y. 1941) *aff'd*, 120 F.2d 328 (2d Cir. 1941) ...................................2

*Sagebrush Rebellion, Inc. v. Watt*,
   713 F.2d 525 (9th Cir. 1983) ..................................................................2

*Shore v. Parklane Hosiery Co.*,
   606 F.2d 354 (2d Cir. 1979) ................................................................3, 4

*United States v. City of New York*,
   No. 07-cv-2067 (NGG)(RLM), 2012 WL 314353 (E.D.N.Y. Feb. 1, 2012), *aff'd in
   part, vacated in part on other grounds,* 2013 WL 1955782 (2d Cir. May 14, 2013)...............5

## OTHER AUTHORITIES

Charles A. Wright, et al., Fed. Practice & Proc. Sec. 1901 ...........................................................2

Fed. R. Civ. P. 12(c) ............................................................................ passim

Fed. R. Civ. P. 24(a) ............................................................................ passim

Fed. R. Civ. P. 24(b)(2)...........................................................................3, 4, 9

A/75574855.2

Intervenors reply to the Memorandum of Law of Grenada in Partial Opposition to GMO Emerging Country Debt Fund, GMO Emerging Country Debt L.P, GMO Emerging Country Debt Investment Fund PLC, and Greylock Global Opportunity Master Fund Ltd's Motion to Intervene ("Grenada Opp."), filed on May 24, 2013.  [Docket No. 24].[1]

## ARGUMENT

### I.      Intervention Under Rule 24 Lies For Actions, Not Issues

Intervenors seek to become parties to this action for all purposes.  No one has suggested that they do not have significant legal and economic interests directly at stake in this litigation, nor that those interests are adequately represented in the civil action by the existing parties.  For this reason alone, the motion to intervene should be granted.  While Ex-Im Bank has advised that it will oppose intervention,[2] Grenada apparently welcomes it in the event the pending motion for judgment on the pleadings does not succeed.[3]  Grenada does not want Intervenors to participate in the action at this stage, however, where its views and those of Intervenors differ.  Though Grenada argues that it is "well-settled" that intervention should be considered on an issue-by-issue basis, this is not the law.  Rule 24 of the Federal Rules of Civil Procedure provides for intervention in civil "action[s]," not issues, and the cases relied upon by Grenada do not purport to change the Rule or suggest that it does not mean what it says.

---

[1] Capitalized terms have the meaning assigned in the Intervenors' Memorandum of Law in Support of Motion to Intervene (the "Opening Memorandum") [Docket No. 20].

[2] In its letter to the Court on May 23, Ex-Im Bank did not oppose allowing Intervenors to be heard on Grenada's Rule 12(c) motion, but otherwise took no position at that time on the merits of the Motion to Intervene.  It has not, as of the filing of this Reply, objected to intervention, but has advised that it intends to do so.

[3] Grenada Opp. at 10-11.

Under the plain text of Rule 24, a court must decide whether to permit a party to intervene in the "action." Fed. R. Civ. P. 24(a)(2) (permitting intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the *action*") (emphasis added). *See also Brennan v. N.Y.C. Bd. of Educ.*, 260 F.3d 123, 128-29 (2d Cir. 2001) (referring to an interest in the "action" that may be impaired by disposition of "the action"); *N.Y. Pub. Interest Research Grp., Inc. v. Regents of Univ. of State of N.Y.*, 516 F.2d 350 (2d Cir. 1975) (finding that pharmacists had an interest in the transaction that was the subject of "the action"). Once intervention is granted, "for all intent and purposes they are considered as original parties." *Piccard v. Sperry Corp.*, 36 F. Supp. 1006, 1009 (S.D.N.Y. 1941) *aff'd*, 120 F.2d 328 (2d Cir. 1941); *see also* Charles A. Wright, et al., Fed. Practice & Proc. Sec. 1901 (describing intervention as "a procedure by which an outsider with an interest in a lawsuit may come in as a party though the outsider has not been named as a party by the existing litigants"). There is thus no reason to measure an "intervenor's interest and adequacy of representation . . . in relation to the particular issue before the court at the time of the motion [to intervene] and not in relation 'to the subject of the action,' as provided in Rule 24." *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983).

The cases relied upon by Grenada are not to the contrary. For example, Grenada cites *D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001), for the proposition that Intervenors must meet the Rule 24 requirements "[a]s to each issue on which it wishes to intervene." Grenada Opp. at 4. This is not the holding of *D'Amato*, nor did the Second Circuit suggest this interpretation of Rule 24. Instead, the court set forth the four part test of Rule 24(a) and affirmed the denial of intervention because the intervenor "failed to establish that his motion was timely," *D'Amato*, 236 F.3d at 84, not because intervention was not warranted on an "issue." In

- 2 -

*Bridgeport Guardians v. Delmonte*, 227 F.R.D. 32 (D. Conn. 2005), the intervening party -- a police union -- filed a motion to intervene for the sole purpose of objecting to an order regarding certain assignment rotations.  In granting the motion, the court exercised its power "to order an intervenor to remain a party for all purposes in a case."  *Id.* at 35.  While the court conditioned the application to intervene, it did so in a manner opposite to that urged by Grenada -- it *rejected* the request for intervention on a single issue and instead required intervention by the police union as a defendant for all purposes.  *Id.*

And in *Shore v. Parklane Hosiery Co.*, 606 F.2d 354 (2d Cir. 1979), certain class members applied to intervene in a proceeding where similarly positioned parties were seeking judicial approval of a settlement agreement.  The proposed intervenors not only applied to intervene in the hearings on the settlement approval, but also requested to stay the approval proceedings pending resolution of a state court action, or in the alternative to hold a preliminary hearing on the adequacy of the named parties' legal representation during the settlement negotiations.  The district court limited the request to intervene, but it did so to prevent the intervening parties from inserting *additional issues* into the pending case, not to preclude them from full participation in those already presented.  *Id.* at 355.

In *Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186 (2d Cir. 1970), the proposed intervening party -- a ship mortgagee -- sought to intervene in a dispute between the ship owner and its insurer over coverage under the policy.  *Id.* at 187-88.  The court denied intervention as of right, holding that the intervenor's interests were adequately represented in the case (not as to a particular issue).  *Id.* at 190.  In *dicta*, the court observed that the mortgagee asserted an interest not currently at issue in the litigation that the ship's owner would not adequately represent.  *Id.* at 191-92.  If the mortgagee successfully intervened under Rule 24(b)(2) and that additional issue

- 3 -

was thus added to the scope of the overall proceeding, the court indicated that it would not limit the mortgagee's participation to the new claim, but would instead require that it be a party to all issues in the case. *Id*.

In short, one of Grenada's cases granted intervention outright (*Bridgeport Guardians*); in a second, the district court granted intervention but denied the intervenors' request to expand the litigation (*Shore*); and in a third, the Second Circuit advised the litigant to later seek intervention as its interests were adequately represented in the case (*Ionian Shipping*).  None of these cases supports the result urged by Grenada.

## II.   Even If Considered On An "Issue" Basis, Intervenors Should Be Heard On Grenada's Rule 12(c) Motion

While the standard for intervention under Rule 24 does not require analysis on an issue-by-issue or motion-by-motion basis, even if that were the rule intervention would be warranted at this stage of the proceedings.

First, Grenada's Rule 12(c) motion could conclusively determine the outcome of litigation in which Intervenors plainly have a right to intervene.[4]  The posture of this case -- injunctive relief sought by Ex-Im Bank and dispositive relief sought by Grenada -- presents an immediate threat to the ultimate interests of Intervenors.  As explained in Intervener's motion to intervene, the injunction requested by Ex-Im Bank would force Grenada to pay Ex-Im Bank before it pays Intervenors.  Because Grenada claims that it lacks the funds to pay both Ex-Im Bank and its other creditors, Grenada will comply with the injunction by persisting in its default on Intervenors' Exchange Bonds.  Although this injunction would not prohibit Grenada from

---

[4]  Recognizing that the Court has not yet ruled on their motion to intervene, on May 24, Intervenors filed a memorandum in opposition to Grenada's Motion ("Intervenors' Opp.").  [Docket No. 29].  Intervenors requested that the Court consider the memorandum in light of the hearing scheduled for May 29.

- 4 -

paying on Intervenors' Exchange Bonds, it would do so as "a practical matter," which is all that Rule 24(a) requires.  *See Herdman v. Town of Angelica*, 163 F.R.D. 180, 194 (W.D.N.Y. 1995).

The authority on which Grenada relies does not support delaying intervention under such circumstances.  *United States v. City of New York*, No. 07-cv-2067 (NGG)(RLM), 2012 WL 314353 (E.D.N.Y. Feb. 1, 2012), *aff'd in part, vacated in part on other grounds,* 2013 WL 1955782 (2d Cir. May 14, 2013), addressed a situation quite different from that presented here. In that case, the putative intervenor -- a firefighters' union -- applied to intervene as to all issues in a proceeding against the city regarding certain examination procedures.  The court denied the union's first request to intervene, finding that its asserted interest in fire safety was represented by the City.  The court noted, however, that the union "*may* have legally cognizable interests that are not adequately represented by the existing parties in parts of the remedy state of this case." 2012 WL 314353, at *3 (emphasis added).  In other words, the union could move to intervene at a later date if an issue arose in the litigation that another party could not adequately contest.  The union later requested (and was granted) intervention in order to object to a motion by the city of New York to change examination objection procedures (as part of the remedy phase) -- a motion that no current party to the case opposed.  *Id.* at *3-4.  Unlike *City of New York*, this case sits on the precipice of remedy.  Grenada seeks dispositive relief on grounds that would affect Intervenors' creditor rights against Grenada as debtor by way of the Rule 12(c) motion; intervention under these circumstances cannot be reserved for another day.

Second, Intervenors have direct and immediate interests in the outcome of Grenada's Rule 12(c) motion.  This is not a case like *Medical Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1008-09 (8th Cir. 2007), in which intervenors' interest in the action depended on obtaining a judgment that was not assured and on demonstrating an inability to satisfy the

judgment against any one of several defendants whose financial wherewithal had not been questioned.  Rather, Intervenors are creditors of Grenada, a debtor in default who admits to financial distress.  Their claims are not "hypothetical," "speculative," "remote," or based on a "quintuple contingency."[5]  Intervenors are not required to establish that they would have brought a separate action (or even that they have standing to bring a separate action) to assert these claims, and no case cited by Grenada would import such a requirement into the rule.  Rule 24(a)(2) "does not require that the intervenor prove a property right, whether in the constitutional or any other sense," *Brennan*, 260 F.3d at 130, and a "party seeking to intervene . . . need not have an independent cause of action to be considered to have an interest within the scope of Rule 24(a)." *Bridgeport*, 227 F.R.D. at 34 (citing *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 530 (1972)); *Forest Conserv. Council v. United States Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995) ("Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry.  No specific legal or equitable interest need be established.")).  Intervenors need only show, as they have, that they have "an interest within the context of the case." *Id*.  No one has disputed that this is true.

Third, dismissal of Ex-Im Bank's complaint on claim preclusion grounds, as urged by Grenada, would directly impact Intervenors even before they took independent action to collect on their debt.  If a lender's rights vis-a-vis third parties necessarily "merged" into every routine judgment on a debt, then every lender would have to assert all such rights in every default, however routine the circumstances or premature the claim.  *See* Intervenors' Opp. at 18.  If such a rule were to become law of the case, it would impact the pre-suit negotiation process, as remedies that may ultimately be available to parties play a role in the posture of every pre-suit

---

[5] Grenada Opp. at 4-7.

A/75574855.2

negotiation, and could impair the rights of Intervenors in other similar actions by virtue of establishing as *stare decisis* the expanded view of claim preclusion urged by Grenada.  While as a general matter parties may not be able to intervene in cases simply where they are concerned about the *stare decisis* impact, nevertheless, where there is a practical impact on a party, and in particular where novel theories are involved, *stare decisis* can be considered.  *Natural Resources Defense Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341 (1978) ("[T]he *stare decisis* effect might be sufficient to satisfy the [Rule 24(a)(2)] requirement.  It is said where . . . the case is of first impression, the *stare decisis* effect would be important."); *see N.Y. Pub. Interest Research Grp.*, 516 F.2d at 352 (pharmacists permitted to intervene in suit construing regulation); *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. 1967); *see also Ionian Shipping*, 426 F.2d at 186.

The interests of Intervenors are not adequately represented in the context of Grenada's Rule 12(c) motion.  The burden to demonstrate inadequacy of representation is "minimal." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001); *see also LaRouche v. Fed. Bureau of Investigation*, 677 F.2d 256, 258 (2d Cir. 1982).  No heightened burden applies, as Grenada argues;[6] rather, the Second Circuit imposes a "more rigorous showing" only where the intervenor and an existing party "have the same ultimate objective."  *Sequa Corp.*, 250 F.3d at 179.  That is not the case here.

Even as to the Rule 12(c) motion alone, Ex-Im Bank cannot adequately represent Intervenors because the parties' divergent interests in this suit will lead them to present to the court markedly different interpretations of how -- and *when* -- a sovereign debtor breaches a *pari passu* clause, and these differing views of the *pari passu* clause critically relate to the Rule

---

[6] Grenada Opp. at 8.

- 7 -

12(c)/*res judicata* arguments.  *See N.Y. Pub. Interest Research Grp.*, 516 F.2d at 352 (intervention permitted where intervenor would emphasize different legal theories).  To forward its argument that Grenada has breached the *pari passu* clause, Ex-Im Bank argues that "Grenada's multiple payments on other External indebtedness, while paying nothing to Ex-Im Bank, each violated the *pari passu* clauses."  Ex-Im Bank Opp. at 6.  But then Ex-Im Bank simultaneously argues -- in defending against the Grenada's 12(c) motion on *res judicata* grounds -- that it could not have raised this claim in 2006, after Grenada made its first payment on the Exchange Bonds, while not paying Ex-Im Bank.  *Id.* at 14-15.  Intervenors, on the other hand, seek to present an internally consistent understanding of the *pari passu* clause:  under *NML Capital Ltd.*, a sovereign debtor breaches a *pari passu* clause only after exhibiting an extended "course of conduct" demonstrating that plaintiffs' obligations had been subordinated; Grenada has never exhibited this behavior, and thus Ex-Im Bank could not have raised a viable *pari passu* claim in 2006 (which means *res judicata* does not apply) or in 2013 (which means Ex-Im Bank is not entitled to the injunction that it seeks).  Intervenors' Opp. at 14.  Ex-Im Bank cannot adequately represent Intervenors' interests because Ex-Im Bank's litigation position hamstrings it from making the most powerful case against application of *res judicata*.  *See N.Y. Pub. Interest Research Grp.*, 516 F.2d at 352.

Ex-Im Bank cannot adequately represent Intervenors as to the Rule 12(c) motion for another reason.  The plain text of Rule 24(a)(2) gives intervention as of right when disposing of the action "*may* as a practical matter impair or impede the movant's ability to protect its interest."  (emphasis added).  Whether Ex-Im Bank adequately represents Intervenors' interest in the property at issue on the Rule 12(c) motion must therefore take into account what *may* ultimately happen to impair the interest.  If the Court grants dismissal on the grounds urged by

A/75574855.2

Grenada, Ex-Im Bank and Intervenors will compete directly for the apparently scarce resources of Grenada.  Ex-Im Bank cannot now adequately represent Intervenors when, as a result of what *may* happen to impair the interest, the two in theory will contest for the same property.  In light of that potential contest, Ex-Im Bank has little incentive to protect Intervenors in a case that may turn in a hearing, at a deposition, or at any other moment.

## III.   Permissive Intervention Is Appropriate On The Rule 12(c) Motion

Grenada's cases on permissive intervention do stand for the proposition cited -- that courts consider substantially the same factors under Rule 24(b)(2) as under Rule 24(a)(2).  The only additional factor Grenada challenges is whether intervention would "promote either the full development of the facts or the just and equitable adjudication of the dispute over the Merger Issue."  Grenada Opp. at 9.  Grenada presumptively concludes that Intervenors could not possibly add anything to the "Merger Issue."  *Id*.  To the contrary, Intervenors and Ex-Im Bank do not oppose Grenada's Rule 12(c) motion on identical legal grounds.  Rather, Intervenors' claim preclusion memorandum differs materially from the opposition filed by Ex-Im Bank and focuses on two areas not fully developed by the parties: (a) the application, under Rule 12(c), of claim preclusion doctrine to *distinct* contractual obligations in *separate* actions;[7] and (b) prudential concerns, and the implication for courts and litigants if Grenada's motion were allowed.[8]  For this and the reasons explained above (and in Intervenors' opening brief), permissive intervention as to the Rule 12(c) motion is warranted.

---

[7] For example, Intervenors address *In re Teltronics Services, Inc.*, 762 F.2d 185 (2d Cir. 1985), *NLRB. v. United Technologies Corp.*, 706 F.2d 1254 (2d Cir. 1983), *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130 (2d Cir. 1975), *Perry v. Dickerson*, 85 N.Y. 345, 40 Sickels 345 (1881), and *Montana v. United States*, 440 U.S. 147 (1979), none of which Ex-Im Bank cited.

[8] Intervenors' legal arguments do not expand the scope of this case -- rather, they refine and supplement legal arguments on a motion already before this Court.

## CONCLUSION

For the foregoing reasons, Intervenors request that the Court grant their Motion to Intervene to participate fully in the litigation.

Dated: New York, New York
          May 28, 2013

                                        **BINGHAM McCUTCHEN LLP**


                                        By: /s/ Timothy B. DeSieno
                                             Timothy B. DeSieno (4207429)
                                             tim.desieno@bingham.com
                                             Katherine Dobson* (4735973)
                                             katherine.dobson@bingham.com
                                             399 Park Avenue
                                             New York, New York  10022-4689
                                             (212) 705-7000
                                             (212) 752-5378

                                        *Of Counsel:*

                                             Sabin Willett*
                                             Julia Frost-Davies*
                                             Samuel R. Rowley*
                                             One Federal Street
                                             Boston, MA  02110-1726
                                             (617) 951-8000


                                        *Attorneys for Intervenor-Defendants*


* Motion for admission *pro hac vice* pending.

- 10 -