UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
THE EXPORT-IMPORT BANK OF THE
REPUBLIC OF CHINA,

            Plaintiff/Judgment Creditor,

            v.

GRENADA,

            Defendant/Judgment Debtor,


GMO TRUST, on behalf of its series GMO
EMERGING COUNTRY DEBT FUND,
GMO EMERGING COUNTRY DEBT L.P.,
GMO EMERGING COUNTRY DEBT
INVESTMENT FUND PLC, GREYLOCK
GLOBAL OPPORTUNITY MASTER FUND LTD.,
and FRANKLIN TEMPLETON EMERGING
MARKET DEBT OPPORTUNITIES FUND PLC,

            Defendants/Intervenors.
----------------------------------------------------------------- x

13 Civ. 1450 (HB)

## ANSWER OF INTERVENOR-DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 12 and 24, Intervenor-Defendants, GMO Trust, on behalf of its series GMO Emerging Country Debt Fund ("GMO Trust"), GMO Emerging Country Debt L.P. ("GMO L.P."), GMO Emerging Country Debt Investment Fund plc ("GMO plc"), Greylock Global Opportunity Master Fund Ltd. ("Greylock Global"), and Franklin Templeton Emerging Market Debt Opportunities Fund plc ("Franklin") (together, "Intervenors"), by and through their undersigned counsel, as and for their answer to the Complaint, dated March 4, 2013 (the "Complaint"), state as follows:

## JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains a conclusion of law as to which no responsive pleading is required.

2. Paragraph 2 of the Complaint contains conclusions of law as to which no responsive pleading is required. To the extent Paragraph 2 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves, Intervenors deny any characterization inconsistent with the contents of the referenced documents and refer to the documents referenced in Paragraph 2 of the Complaint for their true and correct contents.

3. Paragraph 3 of the Complaint contains conclusions of law as to which no responsive pleading is required. Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

## THE PARTIES

4. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint except to admit, upon information and belief, that Ex-Im Bank is a banking institution with its principal place of business in Taipei.

5. Paragraph 5 of the Complaint contains a conclusion of law as to which no responsive pleading is required. Intervenors otherwise admit that Grenada is a foreign state as defined in 28 U.S.C. § 1603(a). Intervenors further answer that GMO Trust has its principal place of business at 40 Rowes Wharf, Boston, Massachusetts 02110; GMO L.P. has its principal place of business at 40 Rowes Wharf, Boston, Massachusetts 02110; GMO plc has its principal place of business at 78 Sir John Rogerson's Quay, Dublin 2, Ireland; Greylock Global has its principal place of business at c/o Greylock Capital Management, LLC, 99 Park Avenue, 11th

Floor, New York, New York 10016; and Franklin has its principal place of business at J.P. Morgan House, International Financial Services Centre, Dublin 1, Ireland.

## BACKGROUND

6. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8. To the extent that Paragraph 8 of the Complaint contains a conclusion of law, no responsive pleading is required. Intervenors otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Intervenors deny any characterizations inconsistent with the contents of the referenced document and refer to the document referenced in Paragraph 10 of the Complaint for its true and correct contents.

11. Paragraph 11 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Intervenors deny any characterizations inconsistent with the contents of the referenced document and refer to the document referenced in Paragraph 11 of the Complaint for its true and correct contents.

12. Paragraph 12 of the Complaint purports to characterize the contents of a written document or documents, which document or documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced document or documents

and refer to the document or documents referenced in Paragraph 12 of the Complaint for their true and correct contents.

13.  Paragraph 13 of the Complaint purports to characterize the contents of a written document or documents, which document or documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced document or documents and refer to the document or documents referenced in Paragraph 13 of the Complaint for their true and correct contents.

14.  Paragraph 14 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced documents and refer to the documents referenced in Paragraph 14 of the Complaint for their true and correct contents.

15.  Paragraph 15 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced documents and refer to the documents referenced in Paragraph 15 of the Complaint for their true and correct contents.

16.  Paragraph 16 of the Complaint contains a legal conclusion as to which no responsive pleading is required.

17.  Intervenors admit the allegations of Paragraph 17 of the Complaint. Intervenors further answer that in September, 2005, Grenada offered to restructure certain "Eligible Claims" held by its external creditors by exchanging U.S. Dollar Bonds Due 2025 and E.C. Dollar Bonds Due 2025 (the "Exchange Bonds") for the Eligible Claims. A significant majority of holders of Eligible Claims responded favorably, and in November, 2005, Grenada's debt exchange was completed, resulting in the restructuring of approximately 97% of Grenada's external debt.

Intervenors, who participated in that exchange (or succeeded to the interests of those who did), now hold beneficial interests in the Exchange Bonds.

18.     To the extent that Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Intervenors deny characterizations inconsistent with the contents of the referenced document and refer to the document referenced in Paragraph 18 of the Complaint for its true and correct contents.

19.     Paragraph 19 of the Complaint purports to characterize the contents of a written document, which document speaks for itself, Intervenors deny any characterizations inconsistent with the contents of the referenced document and refer to the document referenced in Paragraph 19 of the Complaint for its true and correct contents.

20.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21.     Upon information and belief, Intervenors admit the allegations of Paragraph 21 of the Complaint.

22.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, except to admit that Grenada made certain interest payments on their Exchange Bonds, which are due March 15 and September 15 of each year, through 2012.

23.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, except to admit that Grenada's last interest payment was made late (on or about October 12, 2012), but did not constitute an event of default because the Exchange Bonds provide for a 30-day grace period following each interest due date.  Intervenors further answer that Grenada failed to make its March 15, 2013 interest

payment, and, as of April 15, 2013, Grenada is in default of its obligations under the Exchange Bonds. Grenada claims that it has been unable to raise sufficient funds to make the payment.

24.     Intervenors admit that a Bank of New York Mellon entity has acted as paying agent in connection with the Exchange Bonds.

25.     Paragraph 25 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. Intervenors deny any characterizations inconsistent with the contents of the referenced document and refer to the document referenced in Paragraph 25 of the Complaint for its true and correct contents.

26.     Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the Complaint.

27.     Intervenors deny the allegations of Paragraph 27 of the Complaint.

### CLAIM FOR SPECIFIC ENFORCEMENT OF THE PARI PASSU CLAUSES AND THE NEGATIVE COVENANT FOR INJUNCTIVE RELIEF

28.     Intervenors repeat and re-allege their responses to Paragraphs 1 through 27 of the Complaint.

29.     Paragraph 29 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced documents and refer to the documents referenced in Paragraph 29 of the Complaint for their true and correct contents.

30.     Intervenors deny the allegations of Paragraph 30 of the Complaint.

31.     Paragraph 31 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. Intervenors deny any characterizations inconsistent with the contents of the referenced documents and refer to the documents referenced in Paragraph 31 of the Complaint for their true and correct contents.

32. Intervenors deny the allegations of Paragraph 32 of the Complaint.

33. Intervenors deny the allegations of Paragraph 33 of the Complaint.

34. Intervenors deny the allegations of Paragraph 34 of the Complaint.

35. Intervenors deny the allegations of Paragraph 35 of the Complaint.

36. Intervenors deny the allegations of Paragraph 36 of the Complaint.

37. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.

38. Intervenors deny the allegations of Paragraph 38 of the Complaint.

39. Intervenors deny the allegations of Paragraph 39 of the Complaint.

## Prayer for Relief

40. To the extent that a responsive pleading is required to the Prayer for Relief beginning on page 7 of the Complaint, Intervenors deny that Ex-Im Bank is entitled to the requested relief.

## Additional Defenses

41. As additional defenses, Intervenors assert the following. By virtue of alleging these further defenses, Intervenors do not assume any burden of proof, persuasion, or production not otherwise legally assigned to it or that such matters are not elements of Ex-Im Bank's prima facie case. Intervenors reserve all rights to assert other defenses as appropriate.

## First Additional Defense

42. The Complaint fails to state a claim upon which relief may be granted.

## Second Additional Defense

43. Ex-Im Bank's claims are barred by the act of state doctrine.

### Third Additional Defense

44. To the extent Ex-Im Bank is not acting in good faith in commencing and prosecuting this action, it is barred from enforcing any rights it may otherwise have.

### Fourth Additional Defense

45. Ex-Im Bank's claims are barred by the doctrine of unclean hands.

### Fifth Additional Defense

46. Ex-Im Bank's claims are barred by the doctrine of abuse of rights.

### Sixth Additional Defense

47. Ex-Im Bank's claims are barred in whole or in part by the applicable statute of limitations/prescription period.

### Seventh Additional Defense

48. Ex-Im Bank's claim is barred under the doctrine of laches.

### Eighth Additional Defense

49. Ex-Im Bank's Complaint presents no justiciable case or controversy.

### Ninth Additional Defense

50. Ex-Im Bank's claim is barred under the doctrine of estoppel.

### Tenth Additional Defense

51. Ex-Im Bank fails to plead that it faces a substantial threat of irreparable injury.

### Eleventh Additional Defense

52. Ex-Bank fails to plead that the balance of harms weighs in favor of granting the requested relief.

### Twelfth Additional Defense

53. Ex-Bank fails to plead a breach of contract.

### Additional Defenses Reserved

54. Intervenors hereby give notice that they may rely on other defenses if and when such defenses become known during the course of the litigation, and hereby reserve the right to further amend their answer and to assert any additional defenses, counterclaims, and third party claims as they become known or available through discovery or otherwise.

WHEREFORE, Intervenors pray for relief and judgment:

(a) denying Ex-Im Bank the relief sought in the Complaint;

(b) dismissing the Complaint with prejudice;

(c) ordering that Ex-Im Bank take nothing and that judgment be entered against Ex-Im Bank;

(d) awarding Intervenors costs and expenses, including counsel fees; and

(e) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 11, 2013

**BINGHAM McCUTCHEN LLP**

By: /s/ Timothy B. DeSieno
    Timothy B. DeSieno
    tim.desieno@bingham.com
    Katherine Dobson (admitted *pro hac vice*)
    katherine.dobson@bingham.com
    399 Park Avenue
    New York, New York 10022-4689
    (212) 705-7000
    (212) 752-5378

    P. Sabin Willett (admitted *pro hac vice*)
    Julia Frost-Davies (admitted *pro hac vice*)
    Samuel R. Rowley (admitted *pro hac vice*)
    One Federal Street
    Boston, MA 02110-1726
    (617) 951-8000

*Attorneys for Intervenor-Defendants*