UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
THE EXPORT-IMPORT BANK OF THE REPUBLIC OF :
CHINA,                                                             :   13 Civ. 1450 (HB)
:
                      Plaintiff/Judgment Creditor,    :
:
                      - against -                    :
:
GRENADA,                                                           :
:
                      Defendant/Judgment Debtor.      :
:
GMO TRUST, on behalf of its series GMO EMERGING :
COUNTRY DEBT FUND, GMO EMERGING                                    :
COUNTRY DEBT L.P., GMO EMERGING COUNTRY :
DEBT INVESTMENT FUND PLC, GREYLOCK                                 :
GLOBAL OPPORTUNITY MASTER FUND LTD., and :
FRANKLIN TEMPLETON EMERGING MARKET                                 :
DEBT OPPORTUNITIES FUND PLC,                                       :
:
                      Intervenors/Defendants.         :
:
------------------------------------------------------------------ X

## DECLARATION OF TIMOTHY N. J. ANTOINE

Pursuant to 28 U.S.C. § 1746, Timothy N. J. Antoine declares as follows:

    1.    I am Permanent Secretary of the Ministry of Finance of Grenada.

    2.    I am the principal official in the Government of Grenada charged with the restructuring of Grenada's U.S. Dollar 2025 Bonds ("2025 Bonds") announced by Grenada on March 8, 2013, and I have personally reviewed documents described in ¶ 3 below.

    3.    Grenada has in its possession documents dated around and after March 8, 2013 internal to the Government of Grenada and between the Government of Grenada and its financial advisors, White Oak Global Advisors LLC, concerning the terms, conditions, and timing of the restructuring of the 2025 Bonds; the impact those factors could have on other aspects of the

restructuring of other indebtedness and on Grenada's economy and general fiscal position; and potential strategies for approaching, responding to, and negotiating with Grenada's creditors. Additional documents of the same kind are likely to be created in the future as the restructuring process moves forward.

4. The documents described in ¶ 3 contain advice and recommendations from advisors and members of the Government of Grenada to policymakers. They were created to aid Grenada's policymakers in making decisions regarding the restructuring of the 2025 Bonds.

5. The documents described in ¶ 3 are an essential part of the process through which Grenada makes decisions concerning the 2025 Bonds. Grenada has yet to restructure its debt or to agree on the manner in which it will be proposed to be restructured, and the internal documents as to which Grenada resists disclosure in this suit are opinions and recommendations that will be used by policymakers to help determine how, when, and under what terms Grenada will offer to restructure.

6. Disclosure of the documents described in ¶ 3 would be highly prejudicial to Grenada. Disclosing these documents would invade Government officials' personal impressions of important issues facing the nation and could inhibit them from providing candid advice as the restructuring process proceeds. Finally, if Grenada were directed to disclose internal proposals to Ex-Im Bank – and to Intervenors, who are among the parties participating in the restructuring negotiations - as they are created, it would impair Grenada's ability to operate by inhibiting written communications among those involved in the debt restructuring process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 17 2014 in St. George's, Grenada,

_____
Timothy N. J. Antoine

2